**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STUART SUSSMAN :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>CAPITAL ONE, N.A., CAPITAL :<br>ONE BANK, CAPITAL ONE :<br>SERVS., INC., CAPITAL ONE :<br>FINANCIAL CORP., :<br>ABC ENTITIES/CORPS., :<br>JOHN & JANE DOES (1-100), :<br>EDWARD MONTESDEOCA, :<br>KIRSTEN MICCO, ZELIA :<br>COREY, and BRIAN YOUNG :<br>:<br>Defendants. : | Civ. Action No. 13-6483<br>(FLW)(DEA)<br><br>**OPINION** |

**WOLFSON, United States District Judge**

This matter comes before the Court by way of a motion by Plaintiff, Stuart Sussman ("Plaintiff"), for Reconsideration or, in the alternative, for leave to amend his complaint against Defendants Capital One N.A. *et al.* ("Defendants" or "Capital One"). Plaintiff seeks reconsideration of the Court's October 24, 2014, Opinion and Order denying Plaintiff's motion to remand based on Plaintiff's addition of the following non-diverse parties: Edward Montesdeoca, Brian Young, Kirsten Micco, and Zelia Corey ("the four individual defendants"). For the reasons that follow, the Court denies Plaintiff's motion for reconsideration as well as Plaintiff's alternative motion to amend.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Court will not belabor the facts, which are familiar to the parties. A more detailed recitation of the underlying dispute can be found in the Court's October 24, 2014, Opinion.

For the purposes of the present Motion for Reconsideration, it suffices to recall that based on his termination from Capital One, on February 21, 2014, Plaintiff brought the instant action in the Superior Court of New Jersey, Law Division, Monmouth County, alleging claims against Defendants under the New Jersey Law Against Discrimination (NJLAD) and a tort claim for intentional infliction of emotional distress. Defendants timely removed the Complaint on March 27, 2014, on the basis that diversity exists between Plaintiff—who is a New Jersey resident—and Defendants—which are citizens of Delaware and Virginia. Defs.' Notice of Removal, ¶¶ 8-12. On March 31, 2014, Plaintiff amended his Complaint as a matter of right, adding the following New Jersey defendants: Edward Montesdeoca, Brian Young, Kirsten Micco, and Zelia Corey, all Capital One employees who allegedly "participated in, aided or abetted, incited and/or provided substantial assistance or encouragement to the unlawful actions alleged in the Complaint." Am. Compl. at ¶¶ 3-6; Mot. to Remand at 6.

Shortly thereafter, Plaintiff filed a motion for remand, arguing that (1) Defendants have failed to prove that Plaintiff seeks damages equal to or in excess of $75,000, the statutory minimum for diversity jurisdiction; and (2) the four individual defendants are properly joined, thus complete diversity is lacking among the parties. For these reasons, Plaintiff argued that this Court lacks subject matter jurisdiction over the action.

However, the Court found that (1) Defendants had sustained their burden of proof in arguing that Plaintiff could recover damages equal to or in excess of $75,000 and (2) Plaintiff's joinder of Montesdeoca, Young, Micco, and Corey was inappropriate under both 28 U.S.C. § 1447(e) ("Section 1447(e)") and the fraudulent joinder doctrine. Accordingly,

the Court denied Plaintiff's joinder of the individual defendants, denied Plaintiff's motion to remand, and retained jurisdiction over the case.

On October 31, 2014, Plaintiff filed the instant motion for reconsideration, arguing that the Court committed manifest errors of law in finding that joinder of the individual defendants was inappropriate. In the alternative, Plaintiff requests that, "to the extent the court perceives any pleading deficiencies, Plaintiff should have been and should be permitted to supplement the allegations to more fully articulate the basis for liability against the individual defendants." Pl.'s Br. At 28.

## II.   STANDARD OF REVIEW

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," *United States v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such review. *See* Light, N.J. Federal Practice Rules, cmt. 6 to L. CIV. R. 7.1 (Gann 2008). Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten (10) business days after entry of an order. L. Civ. R. 7.1(i).2. The motion may not be used to relitigate old matters or argue new matters that could have been raised before the original decision was reached. *See P. Schoenfeld Asset. Mgmt., L.L.C. v. Cendant Corp.,* 161 F.Supp.2d 349, 352 (D.N.J. 2001).

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied* 476 U.S. 1171 (1986); *Tecchio v. United States ex rel. Meola,* No. 03–1529, 2004 WL 2827899, at *1 (D.N.J. Oct. 24, 2003) (quoting same). The granting of

a motion for reconsideration is an extraordinary remedy and should be sparingly given by the court. *Connolly v. Mitsui O.S.K. Lines (America), Inc.,* No. 04–5127, 2010 WL 715775, at *1 (D.N.J. Mar. 1 2010) (citations omitted). Reconsideration is not appropriate where the motion raises only a party's disagreement with the court's initial decision. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F.Supp. 159, 162 (D.N.J. 1988).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Carmichael v. Everson,* No. 03–4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); *Brackett v. Ashcroft,* No. 03–3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." *Oritani Sav. & Loan Assn. v. Fidelity & Deposite Co.,* 744 F.Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). "The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached . . . . " *G—69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J. 1990) (quoting *New York Guardian Mortgage Corp. v. Cleland,* 473 F.Supp. 409, 420 (S.D.N.Y. 1979)) (internal quotation marks omitted).

## III.    DISCUSSION

Here, Plaintiff does not bring new evidence to light or present an intervening change in the law. Rather, Plaintiff argues that the Court committed multiple manifest errors of law. First, Plaintiff claims that "the Court's finding that Plaintiff's joinder of the claims against the individuals was fraudulent is contrary to, and inconsistent with,

established precedent in this jurisdiction," because the Court erred in holding that that Plaintiff's motion to remand was governed by Section 1447(e).  Pl.'s Br. at 5. Second, Plaintiff claims "the Court erred in applying the fraudulent joinder principles and analysis under Section 1447(e) and Rule 15(a) with respect to the Court's finding that Plaintiff did not state cognizable causes of action against the individual defendants" because the Court erred in finding that supervisory liability does not exist under the NJLAD, as well as in finding that Plaintiff did not plead cognizable claims against the individual defendants. *Id.* at 13. Third, Plaintiff argues that even if the Court did not commit manifest errors of law in analyzing whether the individual defendants were properly added, the Court should have granted Plaintiff leave to amend his complaint and correct any deficiencies the Court found in Plaintiff's pleadings. *Id.* at 28.

   a.  *Section 1447(e) Analysis*

First, the Court observes that Plaintiff is incorrect in stating that the Court held that Section 1447(e) should govern the analysis in Plaintiff's remand motion. Rather, the Court found that, following the 2009 amendment of Rule 15(a) of the Federal Rules of Civil Procedure—which permits amendment of a pleading once as a matter of right, regardless of whether a responsive pleading had been submitted—there is tension between Rule 15(a), which apparently allows a plaintiff to amend a complaint within 21 days as a matter of right, even after it has been removed, to join non-diverse parties, and Section 1447(e), which permits the court to deny joinder where a party seeks to add parties that would destroy diversity jurisdiction. *Sussman v. Capital One, N.A.*, No. 14-01945 FLW, 2014 WL 5437079, at *3 (D.N.J. Oct. 24, 2014). The Court further found that while most courts and commentators that have addressed this issue have decided that Section 1447(e) controls the

analysis of the post-removal joinder of non-diverse parties, some courts have continued to analyze the issue under the fraudulent joinder doctrine. Accordingly, the Court analyzed Plaintiff's joinder under both Section 1447(e) and the fraudulent joinder analysis. *Id.* ("[T]his Court will analyze Plaintiff's joinder under both Section 1447(e) and the fraudulent joinder doctrine.").

Further, Plaintiff is also incorrect in arguing that the "governing and controlling precedent in this jurisdiction establishes that the analysis [of the post-removal joinder of non-diverse parties] is governed solely by Rule 15(a)." Pl.'s Br. at 7. First, where a plaintiff seeks leave to amend his complaint to join non-diverse parties, Section 1447(e) applies, even if the Plaintiff moves under Rule 15(a). *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 284 (E.D. Pa. 2003) ("Federal courts may not allow a Rule 15 amendment to expand jurisdiction in violation of the express language of §§ 1332 and 1447(e). Nor may we permit an amendment that adds claims that lie outside of our original jurisdiction."); *accord Hayden v. Westfield* (analyzing a motion for the joinder of additional defendant filed pursuant to Rule 20 under Section 1447(e)). Further, Plaintiff cites to *In re Briscoe*, 448 F.3d 201 (3d Cir. 2006) and *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990), which are distinguishable cases because they did not involve parties that were added after removal and they pre-date the 2009 amendment to Rule 15(a).

Finally, Plaintiff improperly rehashes his arguments in his remand motion by taking issue with the Court's conclusion that, under Section 1447(e), joinder of the four individual defendants is inappropriate by weighing the factors in the flexible *Hensgens* test.[1] *See*

---

[1]Plaintiff also suggests that the Court erred by not stating that the removing party bears a "heavy" burden under Section 1447(e). However, Plaintiff fails to cite to, the Court is unable to find, any case law to suggest

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Hayden v. Westfield Ins. Co.*, 2014 WL 4637987 (3d Cir. Sept. 18, 2014). The Court found that the first *Hensgens* factor, the extent to which it appears that Plaintiff's amendment is intended to defeat federal jurisdiction, strongly weighed against permitting joinder. *Sussman*, 2014 WL 5437079 at *4. The Court found that the second factor, whether Plaintiff has been dilatory in asking for amendment, weighed in favor of joinder. *Id.* at *5. Finally, the Court found that the third factor, the degree to which Plaintiff would be prejudiced by denying joinder, also weighed against joinder because Plaintiff was free to sue the four individual defendants in state court. *Id.* The Court weighed the three factors and found joinder inappropriate. *Id.*

Plaintiff urges me to revisit my substantive analysis for what the Court construes as three separate reasons. First, Plaintiff argues that, under the first factor of the analysis, his purpose in amending was not to defeat jurisdiction, because his claims are viable and "there is nothing to dispute that there was, and is, a genuine intent to prosecute the claim in good faith" and cites to a lone New Jersey district court case, which obviously lacks precedential value, for support. Pl.'s Br. at 10. However, the Court found that the timing of Plaintiff's amendment, Plaintiff's case information statement indicating no intention to add defendants, and the conclusory nature of Plaintiff's allegations creates the inference that the purpose of the amendment was to defeat federal jurisdiction; Plaintiff's citation to

---

that the removing party bears the burden of proof to convince the Court to deny joinder under Section 1447(e). In fact, courts state the opposite. *See, e.g.*, *Ebersohl v. Bechtel Corp.*, No. CIV.09-1029-GPM, 2010 WL 2164451, at *4 (S.D. Ill. May 31, 2010) *modified on other grounds*, No. CIV.09-1029-GPM, 2010 WL 2220590 (S.D. Ill. June 3, 2010). Plaintiff appears to conflate fraudulent joinder analysis with the first factor under the *Hensgens* test. *See Stuart v. Chin*, 835 F. Supp. 2d 680, 682 (S.D. Ind. 2011) (distinguishing between fraudulent joinder analysis and the Section 1447(e) analysis of whether a plaintiff seeks to amend his complaint to defeat federal jurisdiction); *see also Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 357 (D.N.J. 1998).

a district court's slightly different approach to this factor the of analysis does not suggest that the Court erred. Second, Plaintiff conflates the Section 1447(e) analysis and fraudulent joinder analysis in arguing that "the [C]ourt failed to acknowledge that the standard in evaluating a claim of fraudulent joinder requires a finding that the addition of the claims against non-diverse parties was done 'solely' in an effort to defeat jurisdiction." *Id.* at 11. Again, the correct analysis under the first Section 1447(e) factor is to determine the extent to which the proposed amendment is to defeat federal jurisdiction, and the full test requires the Court to weigh the three factors of analysis; the Court is not required to find that Plaintiff's amendment was solely intended to defeat federal jurisdiction. Third, Plaintiff argues that "the [C]ourt did not address certain other factors that the courts in this jurisdiction have held are relevant to a fraudulent joinder analysis" and cites to two cases decided elsewhere in this district for support.[2] *Id.* at 11–12. The two cited cases are not precedential and merely evince disagreement within the district about how to weigh the fact that denying joinder would potentially result in a plaintiff litigating parallel state and federal lawsuits. Because "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple," *Red Roof Franchising LLC, Inc. v. AA Hospitality Northshore, LLC*, 937 F. Supp. 2d 537, 544 (D.N.J. 2013) *aff'd sub nom. Red Roof Franchising, LLC v. Patel*, 564 F. App'x 685 (3d Cir. 2014), and Plaintiff has not identified any manifest errors of law, the Court denies Plaintiff's motion for reconsideration of its Section 1447(e) analysis.

---

[2] Again, Plaintiff appears to conflate fraudulent joinder analysis with joinder analysis under Section 1447(e). The Court assumes Plaintiff means to argue that the Court did not consider factors other courts have found relevant under Section 1447(e), since Plaintiff goes on to tie these factors, most notably the inconvenience of instituting parallel proceedings in state and federal court, into the Court's Section 1447(e) analysis. *See* Pl.'s Br. at 11–12.

### b. Fraudulent Joinder Analysis

Next, Plaintiff claims that the Court erred in its fraudulent joinder analysis. First, Plaintiff appears to argue that the Court erred in failing to state that it is the removing party's "heavy" burden to prove that joinder is fraudulent. *See Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987) While the Court did not explicitly state this fact, the Court did note that "'[i]f there is even the possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Sussman*, 2014 WL 5437079 at *5 (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The Court further observed that "[i]n evaluating whether joinder was fraudulent, the district court must assume as true all factual allegations of the complaint at the time the complaint was filed. *Sussman*, 2014 WL 5437079 at *5 (citing *Batoff v. State Farm Ins. Co.*, 877 F.2d 848, 851-52 (3d Cir. 1992). Because the Court analyzed whether the four individual defendants were fraudulently joined together with the background principles strongly disfavoring a finding of fraudulent joinder, the Court does not find its omission to constitute a manifest error of law.

Plaintiff then takes issue with the Court's finding that his joinder of three of the four individual defendants—Montesdeoca, Micco, and Corey—was fraudulent because the NJLAD does not allow for non-supervisory individual liability. Plaintiff attacks the Court's decision by claiming that the Court held that only direct supervisors could be liable under the NJLAD. While the Court did state that Montesdeoca, Micco, and Corey were not Plaintiff's supervisors, Plaintiff did not argue that Montesdeoca, Micco, or Corey were supervisors in any capacity, even after Defendant raised this issue in opposition to

Plaintiff's remand motion.[3] *See generally* Am. Compl.; Pl.'s Mot. to Remand; Pl.'s Reply

Br. in Support of Mot. to Remand.[4] Only now, in Plaintiff's motion for reconsideration,

does Plaintiff state, without support, that the three individual defendants are supervisors.

Plaintiff could have raised this argument in reply to Defendants' opposition brief; thus, the

Court may not reconsider its decision on this basis. Pl.'s Br. at 22. *See, e.g.*, *In re*

*Linerboard Antitrust Litig.,* MDL No. 1261, 2008 WL 4461914, at *3 (E.D. Pa. Oct. 3,

2008) *aff'd,* 361 F. App'x 392 (3d Cir. 2010) ("A motion to reconsider may not raise new

arguments that could or should have been made in support of, or in opposition to, the

original motion."); *see also Kandil v. Yurkovic*, No. 2:06-CV-04701 DMC MF, 2013 WL

6448074, at *2 (D.N.J. Dec. 9, 2013), *appeal dismissed* (Sept. 26, 2014).

      Finally, Plaintiff argues that the Court erred in finding that Plaintiff's claim against

the fourth individual defendant and Plaintiff's direct supervisor, Young, was not colorable.

The Court found that Plaintiff's claim against Young was not colorable because,

> [i]n his Amended Complaint, Plaintiff merely states that Young was
> informed about Plaintiff's medical condition and of Plaintiff's desire to
> return to work following the conclusion of his medical leave. Giving
> Plaintiff's allegations all credence, this Court does not find Plaintiff's
> statements to even potentially create aiding and abetting liability. Plaintiff
> does not even attempt to connect Young's knowledge of Plaintiff's medical
> condition and desire to continue working to his discrimination claims; his
> allegations certainly do not include statements that Young performed
> wrongful acts that created injury, was aware of his roles in facilitating illegal
> activity, or knowingly or substantially assisted in the principal violation.

---

[3] However, the Court did not hold that individual supervisory liability under the NJLAD was limited to direct
supervisors. *Sussman*, 2014 WL 5437079 at *6.

[4] In response to Defendant's argument that Plaintiff failed to establish that Montesdeoca, Micco, and Corey
were supervisors, Plaintiff stated in his reply brief that "those defendants are the individuals that were
responsible for considering, interviewing, and making the decision not to hire plaintiff for alleged
discriminatory or unlawful reasons." Pl.'s Reply Br. in Support of Mot. to Remand at 12–13. However,
Plaintiff pointedly refrained from explicitly stating that they were actually supervisors or had supervisory
authority.

*Sussman*, 2014 WL 5437079, at *6 (internal citation omitted). Plaintiff argues that "[t]he suggestion that Young was or would have been included or named in the Complaint based merely on the fact that he had knowledge of [P]laintiff's disability or age but was not otherwise involved in any of the alleged discriminatory events which serve as the basis of the Complaint and the claims . . . asserted against him is, respectfully, both factually incorrect and illogical." Pl.'s Br. at 24. Plaintiff further argues that the Court erred in applying a higher level of scrutiny to Plaintiff's pleadings than was required under fraudulent joinder analysis.

However, the Court reiterates that, according to the Amended Complaint, the only allegation Plaintiff made against Young, notwithstanding Plaintiff's conclusory recitation that Young aided and abetted in the wrongful conduct, is that Young was made aware of Plaintiff's medical condition and desire to return to work. *See* Am. Compl. The Court also reiterates its conclusion that such an allegation does not colorably support an aiding and abetting claim under the NJLAD. Plaintiff attempts to amend his Complaint through his briefing in support of his motion for reconsideration by now claiming that Young "is alleged to have participated in the decision to terminate [P]laintiff's employment and refusal to hire [P]laintiff for available positions." Pl.'s Br. at 21. Such an amendment is impermissible and falls far short of a successful argument for reconsideration.[5] *Francis v. Joint Force Headquarters Nat. Guard*, No. CIV. 05-4882 (JBS), 2009 WL 90396, at *6

---

[5] Plaintiff further takes issue with the Court's finding that the cases Plaintiff cited in support of his position that Young was not fraudulently joined were distinguishable. However, Plaintiff merely advances the same arguments he made in support of his remand motion, an improper basis upon which to grant reconsideration. *Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 99 (3d Cir. 2013) ("[T]o the extent that [the movant] sought to simply reargue claims previously raised, the District Court properly denied the motions for reconsideration."); *see also Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

(D.N.J. Jan. 12, 2009) ("It is well-settled . . . that a plaintiff may not amend her complaint through arguments in her brief.") (internal citation and quotation marks omitted).

Further, Plaintiff's argument that "the very inclusion of Young as a defendant was premised upon his active involvement in the acts alleged to have been discriminatory" is circular. The purpose of the fraudulent joinder doctrine is to weed out defendants who have been added solely to defeat federal jurisdiction and against whom non-colorable claims have been asserted. *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).  The Court may not simply accept the addition of a defendant on faith that he or she was added on the basis of his or her involvement in unlawful activity, if the facts in the Amended Complaint do not colorably support such an assertion. Therefore, Plaintiff's motion for reconsideration of the Court's fraudulent joinder analysis must also be denied.

c.   *Alternative Motion for Leave to Amend*

Plaintiff alternatively seeks leave to file a Third Amended Complaint to join the four individual defendants by substantiating the Amended Complaint's claims against them. However, as Defendants correctly argue, the Court considers motions to amend to join non-diverse parties under Section 1447(e). 28 U.S.C. § 1447; *see also, e.g.*, *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008). In its opinion on Plaintiff's motion to remand, the Court already concluded that joinder is improper under that analysis. *Sussman*, 2014 WL 5437079 at *4–*5. Therefore, Plaintiff's motion for leave to amend is denied.[6]

---

[6] Plaintiff argues at length in his reply brief that his motion for leave to amend should be treated as a motion to correct pleading deficiencies in his Amended Complaint. However, the purpose of Plaintiff's proposed amendment is to add non-diverse parties who would destroy federal jurisdiction, and my analysis of Plaintiff's amendment under Section 1447(e) would not be altered by the submission of a more substantiated

## IV.    CONCLUSION

Plaintiff's motion for reconsideration and motion in the alternative for leave to amend are denied. An appropriate order will follow.


Date: January 13, 2015


                                            /s/ Freda L. Wolfson
                                            U.S. District Judge

---

complaint. *See* supra at 7; *see also Sussman*, 2014 WL 5437079 at *4–*5. Accordingly, Plaintiff's proposed amendment would be futile as well as redundant. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011).